UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TIMOTHY PORCHE

                                          Plaintiff,         FIRST AMENDED
        -against-                                                COMPLAINT
                                                                     (Jury Trial Demanded)

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER NICOLE        17 CV 4773 (AJN)
BROWN (AKA NICOLE WILLIAMS), SHIELD #26700,
TAX #954427 OF THE CENTRAL PARK PRECINCT,
individually and in her official capacity, and SERGEANT
DONALD CAMBRIDGE (retired), individually and in his
official capacity, and SERGEANT GIANILDA ZURITA,
TAX #932963, OF THE CRITICAL RESPONSE
COMMAND AT RANDALL'S ISLAND, individually
and in his/her official capacity, POLICE OFFICER
STEPHANIE NEWBALD, TAX #954174, OF HOUSING
POLICE SERVICE AREA 2, individually and in her official
capacity, and POLICE OFFICER JAIME ESPINOSA,
TAX #953843 of the 25th PRECINCT, individually and in his
official capacity and SERGEANTS/POLICE OFFICERS
JOHN DOES and/or JANE ROES Nos. 1-10 (whose names and
Commands are unknown at this time), individually and in
their official capacities, OF THE NYPD,

                                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Timothy Porche, by his attorney Rochelle S. Berliner, Esq., for his complaint, alleges as follows:

## INTRODUCTION

       1.     Plaintiff Timothy Porche ("Mr. Porche") brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights. More specifically, on the evening of March 17, 2015, Defendant Police Officer Nicole Brown, aka Nicole Williams ("Defendant Brown"), Shield #26700/Tax #954427, and Sergeant Donald Cambridge

("Defendant Cambridge"), retired, and Sergeant Gianilda Zurita ("Defendant Zurita"), Tax #932963, and Police Officer Stephanie Newbald ("Defendant Newbald"), Tax #954174, and Police Officer Jaime Espinosa ("Defendant Espinosa"), Tax #953843, and Sergeant/Police Officers John Does and/or Jane Roes Nos. 1-10 (whose names, shield numbers and commands are unknown at this time), each of whom was a member of the New York City Police Department ("NYPD"), engaged in the unlawful search, false arrest and unlawful imprisonment of Mr. Porche as well as subjecting him to unnecessary, non-consensual, offensive contact and excessive force during the course of the unlawful search, false arrest and unlawful imprisonment.

2.     Mr. Porche brings suit to redress these aspects of the violation of his federal and state constitutional rights.

**JURISDICTION AND VENUE**

3.     Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as the claims of Mr. Porche arise under Federal law.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as the claims of Mr. Porche arise under the common law of the State of New York.

4.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

**PARTIES**

5.     Mr. Porche is a citizen of the United States.  He resides in the State of New York, New York County.

6.     Defendant Brown was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, she was assigned to the 33rd Precinct and was known as Nicole Williams.  Upon information and belief, she is now assigned to the Central Park Precinct and has taken on her married name, Nicole Brown.

7. Upon information and belief, Defendant Brown is still a member of the NYPD. At all times relevant herein, she was acting within the scope of her employment and under color of law.

8. Defendant Cambridge was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 33rd Precinct. Upon information and belief, he is now retired and his whereabouts, according to Defendant City, are not known. At all times relevant herein, he was acting within the scope of his employment and under color of law.

9. Defendant Zurita was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he/she was assigned to the 33rd Precinct. Upon information and belief, he/she is now assigned to the Critical Response Command at Randall's Island.

10. Upon information and belief, Defendant Zurita is still a member of the NYPD. At all times relevant herein, he/she was acting within the scope of her employment and under color of law.

11. Defendant Newbald was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, she was assigned to the 33rd Precinct. Upon information and belief, she is now assigned to the Housing Police Service Area 2.

12. Upon information and belief, Defendant Newbald is still a member of the NYPD. At all times relevant herein, she was acting within the scope of her employment and under color of law.

13. Defendant Espinosa was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 33rd Precinct. Upon information and belief, he is now assigned to the 25th Precinct.

14. Upon information and belief, Defendant Espinosa is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

15. Defendant Sergeant/Police Officers John Does and/or Jane Roes Nos. 1-10 were, upon information and belief, members of the NYPD. Upon further information and belief, at all times relevant herein, they were assigned to the 33rd Precinct.

16. At all times relevant herein, Defendant Sergeant/Police Officers John Does and/or Jane Roes Nos. 1-10 were acting within the scope of their employment and under color of law.

17. Defendant City of New York ("Defendant City") is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

18. On June 21, 2016, Mr. Porche filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest.

19. At least thirty days have elapsed since Mr. Porche filed the Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

20.     A 50-h hearing was requested and scheduled; Plaintiff informed Defendant City – in writing – that Plaintiff's attorney was unable to attend the scheduled hearing and requested that a new date be set.  A representative from Plaintiff's attorney's office subsequently followed up with a phone call to Defendant City to inquire about re-scheduling the hearing; she was told that a new date would be set and notice would be sent.  Defendant City failed to schedule a new hearing date and, therefore, no 50-h hearing was conducted.  Plaintiff considers Defendant City to have waived a 50-h hearing.

## FACTS UNDERLYING THE COMPLAINT

21.     On or about March 17, 2015, during the evening, Mr. Porche, who resided on the 30th Floor of 260 Audubon Avenue in New York, New York, stepped out of his apartment with the intent to go out to get something to eat.

22.     Mr. Porche arrived at the elevator where he observed two men standing there who were also and already waiting for the elevator.

23.     Only one of the three building elevators was working.

24.     When the elevator arrived a short time later, approximately four uniformed and armed police officers, including, upon information and belief, Defendant Cambridge, Defendant Zurita and Defendant Espinosa, charged out of the elevator.

25.     At approximately the same time, Defendants Brown and Newbald arrived from a separate location to where Mr. Porche was standing.

26.     Defendant Espinosa or Police Officer John Doe No. 1 immediately and without a word spun Mr. Porche around and handcuffed him.

27. Defendant Espinosa or Police Officer John Doe No. 1 then grabbed Mr. Porche by the handcuffs, slammed him onto the ground, kneeing him on his back, and then forced Mr. Porche to sit on the ground, causing a gash, and subsequently a scar, on Mr. Porche's wrist.

28. Mr. Porche was patted down by one of the Defendants, but nothing was recovered from his person.

29. Defendant Brown or Defendant Newbald or Defendant Espinosa or Defendant Police Officer John Doe No. 2 demanded Mr. Porche present his identification, to which Mr. Porche responded that his ID was in his apartment.

30. Defendant Cambridge or Defendant Zurita or Defendant Police Officer John Doe No. 1 or 2 along with Defendant Brown or Defendant Newbald went to Mr. Porche's apartment.

31. When Lisa Durvett, Mr. Porche's domestic partner, cracked opened the door, Defendant Cambridge or Defendant Zurita or Defendant Police Officer John Doe No. 1 or 2 or Defendant Brown or Defendant Newbald asked her to get Mr. Porche's identification.

32. Defendant Cambridge or Defendant Zurita or Defendant Police Officer John Doe No. 1 or 2 along with Defendant Brown or Defendant Newbald then forced their way into Mr. Porche's apartment and Ms. Durvett promptly declared, "You don't have permission to come into my apartment. I am perfectly capable of getting [Mr. Porche's] ID by myself."

33. Defendant Cambridge or Defendant Zurita or Defendant Police Officer John Doe No. 1 or 2 said, "You are interfering with a police investigation" and threatened to arrest Ms. Durvett, who is legally blind.

34. Defendant Cambridge or Defendant Zurita or Defendant Police Officer John Doe No. 1 or 2 along with Defendant Brown or Defendant Newbald then proceeded to ransack the

apartment, not limited to rummaging through drawers, and overturning furniture including a mattress, presumably looking for Mr. Porche's identification.

35. Outside the apartment in the hallway where Mr. Porche was being held, Mr. Porche asked who he believes to be Defendant Cambridge why he was being detained; Defendant Cambridge ignored Mr. Porche's question and demanded that Mr. Porche be taken to the precinct by stating to the other Defendants, in sum, and substance, "Get him the fuck out of here."

36. Mr. Porche was taken to the precinct where two of the Defendants searched him by pulling Mr. Porche's pants down to his ankles and by pulling out both the front and back of Mr. Porche's boxers.

37. This search took place in a public area in full view of other sergeants, lieutenants and police officers as well as Defendant Brown and Defendant Newbald, who are female, Defendant Police Officers John Does and/or Jane Roes Nos. 1-10, and male and female civilians in the lobby of the precinct.

38. After this humiliating search, Mr. Porche was placed in a cell.

39. Mr. Porche spent about three hours in police custody, during which time he was fingerprinted and then given a Desk Appearance Ticket and released.

40. While at the precinct, Mr. Porche was denied food and water and was repeatedly questioned and badgered by Defendant Brown and other Defendants about drugs being sold in the apartment building - of which he knew nothing about - without being advised of his *Miranda* rights.

41. When Mr. Porche appeared in court, he was arraigned and charged with Criminal Possession of Marijuana under Penal Law §221.10, and Unlawful Possession of Marijuana under

Penal Law §221.05, allegations of which both were false. The arresting officer assigned to Mr. Porche's case was Defendant Brown, known at that time as Nicole Williams.

42. On March 30, 2016, after appearing in court approximately 11 times over the course of approximately one year, all charges were dismissed against Mr. Porche under Speedy Trial Provisions.

43. Mr. Porche's injuries consist of continued emotional distress, including distrust and fear of police, loss of sleep, humiliation, stress, damage to his apartment, pain and a visible scar on his wrist.

44. Mr. Porche also lost his job at the Martha Washington Hotel due to the within-mentioned incident.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

45. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 44, as if fully set forth herein.

46. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

47. All of the aforementioned acts deprived Plaintiff Timothy Porche the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)**

51. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

52. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

53. As a result of the foregoing, Plaintiff Timothy Porche was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(False Arrest under 42 U.S.C. § 1983)**

54. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. On March 17, 2015 one or more of the individual defendants placed handcuffs on and detained Plaintiff Timothy Porche.

56. Defendants did not have probable cause to believe that Mr. Porche had committed any crime. Put simply, Mr. Porche did not engage in any conduct that warranted his arrest and detention.

57. Because the individual defendants did not have probable cause to believe that Mr. Porche had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

58. As a result of his detention by the individual defendants, Mr. Porche's liberty was restricted for an extended period of time. Mr. Porche suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Imprisonment under 42 U.S.C. § 1983)

59. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 58, as if fully set forth herein.

60. As a result of the individual defendants' conduct, Mr. Porche was detained at the precinct and at all times he knew he was detained. Moreover, Mr. Porche did not consent to his confinement.

61. As the behavior of Mr. Porche provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

62. As a result of defendants' conduct, Mr. Porche suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

63. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

64. On March 17, 2015, one or more of the individual defendants, without legal justification or probable cause and with malice arrested Mr. Porche.

65. In prosecuting Mr. Porche, the Court relied upon information provided by one or more of the individual defendants.

66. Defendants misrepresented and falsified evidence before the District Attorney.

67. Defendants did not make a complete and full statement of facts to the District Attorney.

68. Defendants withheld exculpatory evidence from the District Attorney.

69. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Porche.

70. Defendants lacked probable cause to initiate criminal proceedings against Mr. Porche.

71. Defendants acted with malice in initiating criminal proceedings against Mr. Porche.

72. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Porche.

73. Defendants lacked probable cause to continue criminal proceedings against Mr. Porche.

74. Defendants acted with malice in continuing criminal proceedings against Mr. Porche.

75. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

76. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Porche's favor. On March 30, 2016, after several court appearances during the course of approximately one year, the charges against him were dismissed.

77. As the behavior of Mr. Porche provided no justification for these individual defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

78. As a result of this baseless prosecution, Mr. Porche suffered loss of freedom and was required to continually appear in court for over one year. Mr. Porche suffered psychological injury, and continues to suffer psychological injury.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

79. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 78, as if fully set forth herein.

80. The level of force employed by defendants on March 17, 2015 was excessive, objectively unreasonable and otherwise in violation of Mr. Porche's constitutional rights.

81. As a result of the aforementioned conduct of defendants, Mr. Porche was subjected to excessive force and sustained physical injuries and psychological injuries.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Unlawful Search Under 42 U.S.C. § 1983)**

82. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 81, as if fully set forth herein.

83. On March 17, 2015, one or more of the Defendants searched Mr. Porche by pulling open both the front and back of his boxers in full view of other Defendants, sergeants and police officers, Defendant Police Officers John Does and/or Jane Roes Nos. 1-10, and male and female civilians in the lobby of the precinct, without consent and in the absence of any individualized reasonable suspicion that he was concealing weapons or contraband.

84. As a result of the foregoing, Mr. Porche was subjected to an illegal and improper strip search.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Failure to Intervene under 42 U.S.C. § 1983)**

85. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 84, as if fully set forth herein.

86. Defendants had an affirmative duty to intervene on behalf of Plaintiff Timothy Porche, whose constitutional rights were being violated in his presence by other officers.

87. The defendants failed to intervene to prevent the unlawful conduct described herein.

88. As a result of the foregoing, Mr. Porche suffered loss of freedom, physical and psychological injury, and continues to suffer physical and psychological injury.

### AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

89. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 88, as if fully set forth herein.

90. The supervisory defendants personally caused Plaintiff Timothy Porche constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A TENTH CAUSE OF ACTION
### (Deprivation of Rights under the New York State Constitution)

91. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 90, as if fully set forth herein.

92. By the actions described above, the individual defendants unlawfully arrested and detained Mr. Porche, and used unnecessary and excessive force not reasonably justified by any circumstances and used for no proper purpose, and participated in malicious prosecution, thereby violating Mr. Porche's rights secured by Article 1, Section 6 of the New York State Constitution.

93. As a consequence thereof, Plaintiff Timothy Porche has been injured.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Malicious Prosecution under State Law)

94. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 93, as if fully set forth herein.

95. On March 17, 2015, one or more of the individual defendants, without legal justification and with malice arrested Mr. Porche.

...
...
...

96. Defendants misrepresented and falsified evidence before the District Attorney.

97. Defendants did not make a complete and full statement of facts to the District Attorney.

98. Defendants withheld exculpatory evidence from the District Attorney.

99. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Porche.

100. Defendants lacked probable cause to initiate criminal proceedings against Mr. Porche.

101. Defendants acted with malice in initiating criminal proceedings against Mr. Porche.

102. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Porche.

103. Defendants lacked probable cause to continue criminal proceedings against Mr. Porche.

104. Defendants acted with malice in continuing criminal proceedings against Mr. Porche.

105. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

106. As such, the conduct of defendants violated Mr. Porche's rights protected by the New York State Constitution.

107. As a result of the arrest, Mr. Porche was required to continually appear in court for over one year. In prosecuting Mr. Porche, the Court relied upon information provided by one or more of the individual defendants.

108. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Porche's favor. On March 30, 2016, the charges against him were dismissed.

109. At all times relevant herein, defendants acted with malice. They knew, or should have known, that Mr. Porche was actually innocent of the offenses with which he was charged.

110. As a result of this baseless prosecution, Mr. Porche suffered psychological injury, and continues to suffer psychological injury.

111. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

112. As the employer of the individual defendants, Defendant City is responsible for Mr. Porche's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

113. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 112, as if fully set forth herein.

114. Upon information and belief, Defendant City failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest, initiation and continued malicious prosecutionof Mr. Porche.

115. Defendant City knew, or should have known in the exercise of reasonable care, the propensities of Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

116. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 115, as if fully set forth herein.

117. Defendant Police Officers owed a duty to act according to the standard of ordinary care of a police officer.

118. Defendant Police Officers breached that duty by failing to act as ordinary police officers would.

119. Upon information and belief Defendant City failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, the initiation and continued malicious prosecution of Mr. Porche.

120. As a result of the individual defendants' conduct, Plaintiff Timothy Porche has been injured.

121. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

122. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Porche suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under State Law)

123. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 122, as if fully set forth herein.

124. One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Porche by falsely arresting or unlawfully imprisoning, or using unnecessary excessive force, or participating in the malicious prosecution of, or by violating his constitutional rights or knew or should have known that emotional distress was the likely result of their conduct.

125. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

126. As a result of Defendants' intentional, extreme and outrageous conduct, Mr. Porche was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

127. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

128. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Porche suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

129. Plaintiff TIMOTHY PORCHE repeats and re-alleges the allegations contained in paragraphs 1 through 128, as if fully set forth herein.

130. One or more of the defendants negligently inflicted emotional distress on Mr. Porche.

131. Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Porche.

132. Mr. Porche never interfered with the police officers obligations under the above-described duties.

133. As a result of Defendants' negligent conduct, Mr. Porche was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

134. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

135. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Porche suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## **DEMAND FOR A JURY TRIAL**

136. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, TIMOTHY PORCHE prays for the following relief:

(a) compensatory damages in an amount to be determined at trial, but no less than $250,000;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: Queens, New York
March 19, 2018

>ROCHELLE S. BERLINER, ESQ.
>Attorney for Plaintiff
>118-21 Queens Boulevard, Suite 504
>Forest Hills, New York 11375
>(718) 261-5600

By: _____/s/_____

Rochelle S. Berliner (RB 7463)